Carl J. ISAACS and George Elder Dungee, Petitioners,

v.

Charles R. BALKCOM, Warden, Respondent.

Civ. A. No. 79–88–ALB.

United States District Court, M. D. Georgia, Albany Division.

Feb. 11, 1980.

Donald E. Wilkes, Jr., James C. Bonner, Christopher J. Hamilton, Thomas J. Killeen, Prisoner Legal Counseling Project, Athens, Ga., for petitioners.

Donald E. Strickland, Albany, Ga., for The Albany Herald Pub. Co.

Susan V. Boleyn, Asst. Atty. Gen., Atlanta, Ga., for respondent.

OWENS, District Judge:

Petitioners who are seeking in the United States District Court for the Southern District of Georgia to obtain writs of habeas corpus pursuant to 28 U.S.C. § 2254 to release them from state custody resulting from being convicted of murder and sentenced to die, seek this court's certification that their appeal from this court's order of January 2, 1980, is taken in good faith and may proceed in forma pauperis. Fifth Circuit Court of Appeals Rule 8.3.

Without obtaining the certificate of either of the district judges of the Southern District of Georgia or of this district as required by 28 U.S.C. § 1825 [1] petitioners on the basis of a general order signed by a

---

1. Title 28 § 1825 reads as follows:

In any case wherein the United States or an officer or agency thereof, is a party, the United States marshal for the district shall pay all fees of witnesses on the certificate of the United States Attorney or Assistant United States Attorney, and in the proceedings before a United States Commissioner, on the certificate of such commissioner.

In all proceedings, in forma pauperis, for a writ of habeas corpus or in proceedings under section 2255 of this title, the United States marshal for the district shall pay all fees of witnesses for the party authorized to proceed in forma pauperis, *on the certificate of the district judge.*

Fees and mileage need not be tendered to the witness upon service of a subpena issued in behalf of the United States or an officer or agency thereof, or upon service of a subpena issued on behalf of a party, authorized to proceed in forma pauperis, where the payment thereof is to be made by the United States marshal as authorized in this section. (emphasis added).

United States Magistrate permitting them to proceed in forma pauperis caused the clerk of this court to issue subpoenas in blank, one of which they completed and served upon The Albany Herald and The Albany Herald Broadcasting Co., Inc., 132 Pine Avenue, Albany, Georgia 31705, commanding the witnesses to appear and bring:

## SCHEDULE

### Things to be Produced

I. An authenticated original or copy of all headlines, articles, stories, interviews, columns, editorials, letters, essays, statements, or photographs that the newspaper published from May 14, 1973 through January 11, 1974 referring or relating to (1) the slayings of any or all of the Alday family members which occurred on or about May 14, 1973, in Seminole County, Georgia; (2) the involvement or alleged involvement of Carl J. Isaacs or George Elder Dungee in any of the Alday killings; (3) the arrest, extradition, pretrial proceedings against, indictment, arraignment, trial, conviction, or sentencing of Carl J. Isaacs or George Elder Dungee in connection with any of the Alday slayings; (4) the life, past record, character, legal problems, or statements of Carl J. Isaacs or George Elder Dungee; and/or (5) any actions taken, suggested, or contemplated with respect to either Carl J. Isaacs or George Elder Dungee by their attorneys.

Each authenticated original or copy shall be accompanied by an indication of (a) when the item was published, and (b) the page and column where the item appeared.

II. An authenticated original or copy of all documentary information possessed by or available to the newspaper referring or relating to the newspaper's circulation, and influence, and effects in Seminole County, Georgia between May 14, 1973 and January 11, 1974, including but not limited to the newspaper's ABC audit, ratings, and figures.

The Albany Herald Publishing Company, Inc. objected and moved to quash saying that "the subpoena is unreasonable, oppressive, unduly burdensome and expensive; and . . . the documents and other items are readily available to the petitioners without undue hardship from other sources."

Enforcement of the subpoena was stayed by order dated on November 30, 1979, and on January 2, 1980, the motion was heard.

In spite of the fact that copies of the Albany Herald are and have been available to petitioners' able counsel in the Office of the Clerk of the Superior Court of Dougherty County, Georgia, and at the Albany Public Library, petitioners' counsel took the position that petitioners are unable to pay counsel to visit either place or the offices of the Albany Herald to examine and copy relevant stories which when copied are self-authenticating, Federal Rules of Evidence, Rule 902(6) and further took the position that indigent petitioners under the Constitution and 28 U.S.C. § 1825 have a right to assistance through the subpoena process in obtaining discovery necessary to support their 28 U.S.C. § 2254 petition. The witness took the diametrically opposite position.

■ The court in essence found that the subject subpoena is a "fishing expedition" type subpoena issued to compel a witness to do investigative, research work that counsel is equally if not better qualified to do and that accordingly such subpoena would be quashed. See *Premium Service Corp. v. Sperry & Hutchinson Co.,* 511 F.2d 225, 229 (9th Cir. 1975).

■ Since petitioners have not presented before, on, or since January 2, 1980, statutory or case authority to support their contention that they have an absolute right to enforcement of this subpoena and this court abused its discretion in ordering otherwise, this court is of the considered opinion that petitioner's appeal is without possible merit, is legally frivolous and is therefore not taken in good faith.